# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| LATHAN WORD, | * | |
| Petitioner, | * | |
| v. | * | CASE NO. 4:07-CV-149 (CDL) |
| GEORGIA STATE PRISON, | * | Habeas Corpus Petition |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Unexhausted. Petitioner was notified of his right to respond to the Motion and filed his Response on December 13, 2007. The procedural history of ths case reveals that Petitioner Word, who is currently incarcerated in the Georgia State Prison in Reidsville, Georgia, was convicted of armed robbery and possession of a firearm during the commission of a crime on September 7, 2000, in Muscogee County, Georgia. Petitioner was sentenced to serve fifteen years in prison for the robbery charge and a consecutive five years in prison for the possession of a firearm charge.

In its Motion to Dismiss (R- 7), the Respondent contends that after being granted the right to file an out-of-time appeal, the Petitioner has failed to file any such appeal and, more importantly to this action, failed to file a state habeas action regarding his conviction. The Respondent, therefore, has moved the court to dismiss Petitioner's application for federal habeas relief as Petitioner has failed to exhaust his available state remedies.

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have been exhausted in state court.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198 (1982); *Picard v. Conner*, 404 U.S. 270, 275, 92 S. Ct. (1971).  Title 28 of the United States Code, Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B) (i) there is an absence of available State corrective process; or
>        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

The Petitioner states that in the time since he was granted the right to file an out-of-time appeal, his counsel has failed to file any appeal on his behalf.  (R-9, p. 2).  Nowhere, however, does Petitioner mention any state habeas petition having been filed regarding his conviction, nor can the Respondent find any record of any state habeas action filed by this Petitioner.

As stated above, this court is generally not authorized to entertain a petition for federal

2

habeas corpus relief where the Petitioner has not exhausted his available state remedies, unless the Respondent waives the exhaustion requirement, which has not been done in this case. Petitioner's Application, therefore, should be dismissed without prejudice, allowing Petitioner to exhaust his state remedies. Petitioner may file another application at the conclusion of his state court proceedings.

WHEREFORE, it is hereby **RECOMMENDED** that petitioner's instant action be **Dismissed Without Prejudice** so that he may proceed to exhaust his state remedies.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 17th day of December, 2007.

                                                s/ G. MALLON FAIRCLOTH
                                                UNITED STATES MAGISTRATE JUDGE

eSw